IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-2361-PAB-MJW

DELBERT JOHNSON and JOEL LUCAS,

Plaintiffs

v.

RMI LASER, LLC, a Colorado limited liability company

Defendants

---

**STIPULATED PROTECTIVE ORDER** ( Docket No 19-1 )

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1. In this action, at least one of the Parties may seek Confidential Information (as defined in paragraph 2 below) during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note,

1

or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing: confidential business or financial information, or other information of a sensitive nature about a party (or of another person which information the Party is under a duty to maintain in confidence).

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions with respect to the Party to whom the Confidential Information is disclosed:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It may only be disclosed or communicated to the following persons:

        1) The Parties' outside counsel of record in this action, and any regular or temporary employees of such counsel to whom it is necessary that the information or material be shown for purposes of this litigation;

2

2) Employees of each of the Party whose assistance is needed by counsel for the purposes of this litigation;

3) Consultants, which shall be defined as a person who is neither an employee of a Party nor anticipated to become an employee, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a Party;

4) Graphics or design services firms retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other proceedings;

5) Non-technical jury or trial consulting services retained by counsel for a Party;

6) Document reproduction or coding services retained by counsel for a Party;

7) Stenographic reporters engaged in proceedings incident to preparation for - trial or trial; and

8) Officers of this Court and their supporting personnel or officers of any appellate Court to which any appeal may be taken or in which review is sought.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who is the recipient of Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits, in the form of **Exhibit A**, signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential

4

Case 1:13-cv-02361-PAB-MJW Document 19 Filed 11/26/13 USDC Colorado Page 5 of 9

Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel is unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under ~~seal~~ Restricted Access" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under Restricted Access. ~~seal~~ Any motion requesting leave to file documents under ~~seal~~ Restricted Access shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

5

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under ~~seal~~ *Restricted Access* with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 2nd day of December, 2013.

BY THE COURT:

*/s/ Michael J. Watanabe*

HON. MICHAEL J. WATANABE
UNITED STATES DISTRICT COURT

The Parties, by their undersigned counsel, stipulate and consent to entry of this Order:

| **SCOTT F. REESE, P.C.** | **ALLEN & VELLONE, P.C.** |
|---|---|
| /s/ *Scott F. Reese*<br>Scott F. Reese, #22029<br>795 W. Birch Ct., Suite 100<br>Louisville, CO 80027<br>scottfreese@juno.com<br><br>***Attorneys for Plaintiffs*** | /s/ *Jennifer E. Schlatter*<br>Kevin D. Allen, #8878<br>Jennifer E. Schlatter, #30626<br>1600 Stout Street, Suite 1100<br>Denver, CO 80203<br>kallen@allen-vellone.com<br>jschlatter@allen-vellone.com<br><br>***Attorneys for Defendant*** |

## EXHIBIT A

## <u>AFFIDAVIT</u>

STATE OF COLORADO   )
                                   ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

       1.      I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

       2.      I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

       3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

       4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

       5.      I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____

_____

Telephone No.: (___)_____

8

SUBSCRIBED AND SWORN to before me this ____ day of _____, 20___, by
_____.

WITNESS my hand and official seal.

[S E A L]

Notary Public

My Commission Expires: _____